UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

HAMMAD HAIDER,
and other similarly-situated individuals,

Plaintiff(s),                                              Case No.:

v.

HORIZON STARS, LLC d/b/a The Mughal
Restaurant, a Florida Corporation, and
Arif Kazi, individually,

Defendants,
_____/

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

**COMES NOW** Plaintiff, HAMMAD HAIDER, by and through the undersigned counsel, and hereby brings suit against Defendants HORIZON STARS, LLC d/b/a The Mughal Restaurant, hereafter "**Mughal**", and Arif Kazi, individually, and would allege as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. This is an action to recover money damages for unpaid overtime wages and withheld wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff is a resident of Broward County, Florida, is over the age of 18 years old, and is otherwise sur juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant HORIZON STARS, LLC d/b/a "The Mughal Restaurant" is a Florida Corporation, doing business in Broward County, Florida, and is otherwise sui juris.

4. Upon information and belief, the individual Defendant Arif Kazi was, and is now, the director and/or owner of Defendant Corporation HORIZON STARS, LLC, a Florida Corporation, is a resident of Broward County, Florida, is over the age of 18 years old, and is otherwise sui juris.

## ALLEGATIONS COMMON TO ALL COUNTS

5. **Mughal** is a restaurant located at 2100 N. University Drive, Pembroke Pines, Florida. The primary function of the restaurant is to sell food items to customers, whether said customers sit down at the restaurant, have same delivered, or carry out the food.

6. During the time Plaintiff was employed by **Mughal** and Defendant **Kazi**, he was employed as a chef at the restaurant. At a certain point in time during his employment, **Mughal** fired its dishwasher and Plaintiff manned both this job and that of being a chef.

7. While employed by Defendants, Plaintiff worked an average of seventy-four (74) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.

8. Plaintiff was paid $12.16 an hour from approximately July 2019 through August 2020 (the "relevant time period"), but was never compensated at the overtime rate for the hours that he worked in excess of 40 hours per week. Payments were made by either check or through an electronic payment method. Plaintiff seeks to recover for all accrued unpaid overtime wages as allowed by law.

9. In addition to the foregoing, during the course of Plaintiff's employment, from February 25, 2020 though August 1, 2020, Defendants withheld monies from Plaintiff in excess of $10,000.00 at its greatest point. When Plaintiff contacted Defendant **Kazi**

re same, payments totaling $5,000.00 were made. Upon demand by Plaintiff's counsel thereafter, another payment of $1,500.00 was made; albeit, a balance remains to this end. See correspondence attached hereto as **Exhibit "A"**.

10. On or about August 2020, Plaintiff confronted Defendant **Kazi** about the remaining sums due and owing and the failure to pay overtime wages, at which time he was unceremoniously terminated from his employment by Defendants as a consequence of same.

11. All conditions precedent to maintaining this lawsuit have either been performed, excused, or waived.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AS TO ALL DEFENDANTS

12. Plaintiff alleges and reviews each and every factual allegation as stated in paragraphs 1-11 above as if set out in full herein.

13. This action is brought by Plaintiff and those similarly-situated to recover from **Mughal** unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

14. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, **Mughal** was engaged in interstate commerce. At all times pertinent to this Complaint, **Mughal** operates as an

organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of **Mughal** was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

15. By reason of the foregoing, **Mughal** is, and was during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated were and/or are engaged in interstate commerce for **Mughal**. **Mughal's** business activities involve those to which the Fair Labor Standards Act applies. **Mughal** is a restaurant and its business activities, affect interstate commerce.

16. Prior to the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

    a. Hours worked

    | 10:00 a.m. – 11:00 p.m. | Fridays and Saturdays |
    |---|---|
    | 10:00 a.m. – 10:00 p.m. | Mondays, Wednesdays, Thursdays, and Sundays |

b. Calculation of wages:

| Regular rate = $12.16 per hour | Overtime rate (OT) = $18.24 per hour |
|---|---|
| $18.24, less $12.16 (unpaid OT rate per/hour) = $6.08 $6.08 x 34 hours of OT per week = $206.72 ||
| $206.72 (OT owed per week) x 56 weeks = **$11,576.32 TOTAL OT OWED** ||

c. Nature of wages (e.g. overtime or straight time):

This amount represents unpaid overtime wages.

17. At all times material hereto, the Defendants **Mughal** and **Kazi** failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by Defendants **Mughal** and **Kazi** to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

18. Defendants **Mughal** and **Kazi** knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly-situated are owed these overtime wages since the commencement of Plaintiff's and those similarly-situated employees employment with Defendants as set forth above. In addition to this,

Plaintiff and those similarly-situated are entitled to recover double damages. Upon further information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

19. The individual Defendant, **Kazi**, was, and is now, the director and/or owner of Defendant Corporation. Defendant **Kazi**, was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the individual Defendant acted directly in the interests of Defendant's employer in relation to the employees of Defendant's employer, including Plaintiff and others similarly situated. Defendant **Kazi** had operational control of the businesses, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

20. Defendants **Mughal** and **Kazi** willfully and intentionally refused to pay Plaintiffs overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants **Mughal** and **Kazi** as above set forth.

21. Plaintiff has retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff HAMMAD HAIDER and those similarly-situated respectfully requests that this Honorable Court:

    a. Enter judgment for Plaintiff and other similarly-situated and against the Defendants **Mughal** and **Kazi** on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

    b. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty per week, with interest; and

    c. Award Plaintiff an equal amount in double damages/liquidated damages; and

    d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

    e. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C.215 (a)(3) RETALIATION

22. Plaintiff alleges and reviews each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

23. 29 U.S.C. § 215(a)(3) of the FLSA states that is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

24. Defendants **Mughal** and **Kazi's** conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

25. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding unpaid overtime wages.

26. Defendants **Mughal** and **Kazi's** conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

a. Adjudge and decree that Defendants have violated the FLSA and have done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reason attorney fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III:
## STATUTORY VIOLATION OF FLORIDA'S MINIMUM WAGE ACT

27. Plaintiffs alleges and reviews each and every factual allegation as stated in paragraphs 1-11 of this complaint as if set out in full herein.

28. This is an action to recover from Defendants **Mughal** and **Kazi** unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the Florida Minimum Wage Act §448.10, Florida Statutes.

29. § 448.310(3), Florida Statutes provides that all employers shall pay its employees a minimum wage of a rate then in effect as proscribed by law.

30. From on or about February 25, 2020 through August 21, 2020, Defendants withheld certain monies from Plaintiff which comprised Plaintiff's wages and/or minimum wages herein.

31. By retaining Plaintiff's wages, in whole or part, Defendant caused Plaintiff not to be compensated at the minimum wage rate for all the hours worked per week. Plaintiff seeks to recover these unpaid minimum wages accumulated for all the time allowable by law which by Plaintiff's estimate remains at the sum of $3,500.00.

32. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees.

33. Prior to the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this complaint Plaintiff 's good faith estimate of unpaid and/or withheld "minimum" wages is set forth in **Exhibit "A"** in the amount of $3,500.00.

34. Defendants **Mughal** and **Kazi** knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Florida Minimum Wage Act.

35. At the times mentioned, Defendant **Kazi**, was manager and/or owner/director of **Mughal**. According to the Florida State Constitution, the terms "Employer," "Employee" and "Wage" shall have the meanings established under the Federal Fair Labor Standards Act (FLSA) and its implementing regulations. Therefore, Defendant **Kazi**, Plaintiff's employer within the meaning of the Florida Minimum Wage Act pursuant to Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs. Defendant

**Kazi** had operational control of the business, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

36. Defendants **Mughal** and **Kazi**, willfully and intentionally refused to pay Plaintiffs minimum wages as required by the laws of Florida as above set forth.

37. Pursuant to §448.10 (6)(a), Florida Statute, Plaintiff has provided Defendants with notice of Plaintiff's minimum wage claims entitlement, work dates for which payment is sought, in the approximate amount of alleged unpaid wages. See attached **Exhibit "A"**.

38. Plaintiff has retained the law offices of the undersigned attorney to represent them in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly situated respectfully request that this Honorable Court:

  a. Enter judgment for Plaintiff and against the Defendants **Mughal** and **Kazi**, on the basis of Defendant's willful violations of the Florida Minimum Wage Act;

  b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest;

  c. Award Plaintiff an equal amount in double damages/liquidated damages;

  d. Award Plaintiff his reasonable attorneys' fees and costs of suit; and

  e. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### JURY DEMAND

Plaintiff, as well as those similarly situated, demand trial by jury of all issues triable as of right by jury.