UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

HAMMAD HAIDER,
and other similarly-situated individuals,

Plaintiff(s),

Case No.: 0:20-cv-62394-JEM

v.

HORIZON STARS, LLC d/b/a The Mughal
Restaurant, a Florida Corporation, and
Arif Kazi, individually,

Defendants,
_____/

## PLAINTIFF'S MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE AS TO ALL DEFENDANTS

COMES NOW Plaintiff HAMMAD HAIDER, by and through undersigned counsel, and respectfully files his Motion for Approval of the Parties' Settlement Agreement and Stipulated Dismissal with Prejudice as to All Defendants, and as grounds would state:

1. This matter is before the Court upon Plaintiff's Motion for Approval of the Parties' Settlement Agreement and Stipulated Dismissal with Prejudice as to All Defendants.

2. Under the circumstances of the instant case, instead of filing an Answer to the Complaint, Defendants, through the individual Defendant ARIF KAZI, appeared with Plaintiff at the Plaintiff's attorney's office expressing a desire to resolve the matter. After being advised that Plaintiff's attorney only represented Plaintiff, and acknowledging same in the attached Notice of Non-Representation, attached hereto as **Exhibit "A"**, a resolution was reached to the satisfaction of the parties.

See Stipulation of Settlement attached hereto as **Exhibit "B"**. Specifically, the parties agreed inter alia as follows, to wit:

   a. Plaintiff will be paid the sum of $11,000.00 towards his claim. As set forth in the Statement of Claim. Plaintiff's unliquidated claim of damages was $11,576.32, plus $3,500 in unpaid wages, or a total of $15,076.32. The Settlement results in a sizeable recovery for the Plaintiff and he has agreed to wave liquidated damages premised on the payment of his attorney's fees and costs in addition to this.

   b. Defendant will pay Plaintiff's attorney's fees and costs totalling $3,500.00. As can be seen from the attached retainer agreement, **Exhibit "C"** hereto, and Plaintiff's attorney's billing records, **Exhibit "D"** hereto, the undersigned has agreed to discount his fees to effectuate the resolution herein (and represents less than the contingency fee permitted under the circumstances).

3. In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of

litigation. *Id.*; See also *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

4. Under the circumstances presented herein, Plaintiff believes that the negotiated resolution is in his best interests and fairly compensates him for his damages balanced against the uncertainty of litigation and the increased time and expense associated with same. Defendants have signified their consent to the submission of this Motion as executed herein.

WHEREFORE, the Plaintiff respectfully requests that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) dismissing this action with prejudice as to the Defendants; and (3) retaining jurisdiction to enforce the terms of the settlement.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be mailed to Arif Kazi, individually and as manager of Horizon Stars LLC, 2100 N. University Drive, Pembroke Pines, FL 33124; 12966 NW 18th Court, Pembroke Pines, FL 33124; and via email, horizon.starsllc@gmail.com on this 6th day of January, 2021.

Respectfully submitted,
FEINSTEIN, MENDEZ & COBREIRO, P.A.

/s/Brett Feinstein, Esq.
Brett Feinstein, Esq.,
Florida Bar No. 953120
2600 S. Douglas Road, Suite 506
Coral Gables, Florida 33134
Phone: (786) 636-8938
Fax: (786) 636-8941
Email: brett@fmclawfirm.com

I, Arif Kazi, as Manager of the Defendant Horizon Stars, LLC, and individually, consent to the filing of this Motion this 12th day of January, 2021.

Arif Kazi

# Exhibit "A"

## NON-REPRESENTATION ACKNOWLEDGEMENT

The undersigned party hereby acknowledges that Feinstein, Mendez & Cobreiro, P.A., Brett Feinstein, Esq., Martha L. Mendez, Esq., and Claudia Cobreiro, Esq. do NOT represent them or their interests in the case of Hammad Haider v. Horizon Stars LLC, and Arif Kazi, Case number 0:20-cv-62394-JEM, filed in Federal Court.

The undersigned acknowledges and states that he has not received legal representation from Feinstein, Mendez & Cobreiro, P.A., Brett Feinstein, Esq., Martha L. Mendez, Esq., and Claudia Cobreiro, Esq., nor has the law firm provided any legal advice with regard to the dissolution action and hereby agrees and consents to indemnify and hold harmless the law firm and its representatives from any and all actions, demands and/or other matters which may arise, including attorneys fees and cost, as a result of this action, including but not limited to any claim for conflict of interest, breach of fiduciary duties, or other claim that any party may individually or collectively assert. The undersigned further acknowledges that they have been advised by the firm, as counsel for Hammad Haider, that they have the independent right to have all documents reviewed by counsel representing their individual interest.

Signed this _____ day of January, 2021.

Under the penalties of perjury, I declare that I have read the foregoing Declaration and that the facts stated in it are true.

_____
Arif Kazi, Individually and On Behalf of Horizons Stars, LLC

1

# Exhibit "B"

## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

HORIZON STARS, LLC d/b/a The Mughal Restaurant, and Arif Kazi, individually (hereinafter referred to as "Defendants"), including all of its officers, directors, representatives, shareholders, owners, agents, managers, successors and assigns, and HAMMAD HAIDER including his heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows, to wit:

1. **Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of his employment with the Defendant, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement and/or which may arise hereafter. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff but not by way of limitation should other claims have been unintentionally omitted, are all claims under:

   a) Title VII of the 1964 Civil Rights Act
   b) The Civil Rights Act of 1991
   c) The Age Discrimination in Employment Act
   d) The Older Workers Benefit Protection Act
   e) The Equal Pay Act
   f) The Fair Labor Standards Act ("FLSA")
   g) The Employee Retirement Income Security Act (ERISA)
   h) The Americans with Disabilities Act of 1990
   i) The Rehabilitation Act of 1973
   j) The Family and Medical Leave Act of 1993
   k) 42 U.S.C. §§ 1981, 1985(3), and 1986
   l) The Occupational Safety and Health Act
   m) Chapter 760, Florida Statutes
   n) The Florida Private Whistle-blower's Act of 1991
   o) Chapter 11A of the Miami-Dade County Code
   p) Personal injury claims which may have arisen at the premises
   q) Workers Compensation claims
   r) Breach of Contract claims
   s) Unemployment claims

2. This Release includes all claims which were, or could have been, asserted in the lawsuit styled *HAMMAD HAIDER, and other similarly-situated individuals, Plaintiff v. HORIZON STARS, LLC d/b/a The Mughal Restaurant, a Florida Corporation, and Arif Kazi, individually, Defendants,* Case Number 0:20-cv-623944-JEM currently pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

**Consideration**. In consideration of the promises of Plaintiff as set forth herein, the Defendants agree to settle this matter in the amount of Eleven Thousand Dollars and No Cents ($11,000.00), plus the payment of Plaintiff's attorney's fees and costs incurred to date in the amount of $3,500.00 as follows:

   a. Payment of $3,000.00 towards Plaintiff's settlement upon execution of the Agreement.

   b. Payment of $3,500.00 towards Plaintiff's attorney's fees and costs upon execution of the Agreement.

   c. Payment of $8,000.00 within sixty (60) days of the execution of the Agreement.

3. **Non-Admission Clause.** By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA and expressly denies any and all such liability.

4. **Non Disparaging Remarks**. The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests a reference for Plaintiff, the parties agree that Defendants will only provide a neutral reference regarding dates Plaintiff performed services for Defendants, and/or positions held, and/or rates of pay.

5. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

   a) **Dismissal of Lawsuit.** The parties agree to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal With Prejudice of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement, along with a proposed Order.

6. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

7. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

8. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement. Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence through the advice of counsel.

9. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement.

10. **Default:** Should Defendants fail to make payment of the settlement funds pursuant to this Settlement Agreement or should any check be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via email to Defendants. In the event Defendants fail to cure said breach within (5) days, Plaintiff shall be entitled to a default final judgment against the Defendants for the full amount of this settlement, plus any fees and costs incurred in enforcing and collecting said settlement agreement, less any payments made.

By: /s/
HAMMAD HAIDER

Date: January 12, 2021

HORIZON STARS, LLC d/b/a The Mughal Restaurant

By: /s/
ARIF KAZI, Manager

Date: January 12, 2021

By: /s/
ARIF KAZI, Individually

Date: January 12, 2021

# Exhibit "C"



FEINSTEIN
MENDEZ
COBREIRO

Brett Feinstein, Esq.
Martha L. Mendez, Esq.
Claudia Cobreiro, Esq.
Samantha Joseph, Esq.

David Kupperman, Esq., *Of Counsel*

## CONTRACT FOR LEGAL SERVICES AND LIEN ON REAL AND PERSONAL PROPERTY TO GUARANTEE AND SECURE PAYMENT OF LEGAL FEES DUE TO FEINSTEIN, MENDEZ & COBREIRO, P.A.

November 20, 2020

Hammad Haider – email c/o ahussain013169@gmail.com
7631 NW 6th Street
Pembroke Pines, FL 33026

RE: **Engagement of our law firm, Feinstein, Mendez & Cobreiro, P.A. v. Horizon Stars, LLC d/b/a The Mughal Restaurant, a Florida Corporation, and Arif Kazi, individually**

Dear Hammad:

Our law firm, Feinstein, Mendez & Cobreiro P.A., ("the Firm") is pleased to serve as your counsel. This letter sets forth our understanding of the terms, conditions and limitations of our engagement and representation for all work that we may undertake on your behalf.

1. Scope of Engagement

The firm has been employed to represent you in the matter of Hammad Haider, and other similarly situated individuals v. Horizon Stars, LLC d/b/a The Mughal Restaurant, a Florida Corporation, and Arif Kazi, individually.

2. Costs and Expenses

The Firm's bills to you may also include charges for various costs and expenses incurred on the Client's behalf.

If the Client disagrees with any charges for fees or costs, the Client must notify us in writing within ten (10) days after the date of mailing of the billing. Otherwise, all charges will be deemed agreed to by the Client. The balance due on each billing shall be due upon receipt by the Client.

2600 S. Douglas Rd, Suite 506, Miami, Florida 33134
Phone: 786-636-8938 • Facsimile: 786-636-8941•Email: brett@fmclawfirm.com

Any bill remaining unpaid for thirty (30) days or more from the date of the bill shall bear interest at the highest lawful rate from date until paid.

3.   Retainer/FLSA Contract

Client agrees to pay the Firms 40% of Client's total recovery in their Fair Labor Standards Act case or an amount of attorneys' fees calculated at $450.00 an hour, whichever is greater, through settlement or verdict and post-trial pleadings and appeal. If attorneys' fees are awarded by a Court as to one or more of Client's Claim, the Firms shall be entitled $450.00 an hour for all time spent on Client's case through trial, post-trial and appeal. Client acknowledges that the Firm charges $450.00 an hour for all time spent on this matter and that this hourly rate will be submitted to the Court for purposes of calculating attorneys' fees for entitlement if there is no monetary recovery or if Client does not prevail on their wage claims, then Client owes the Firm nothing. Costs are not included in calculating attorneys' fees and will be reimbursed to the Firm at the end of case by Client if recovery by settlement or verdict occurs. A statement of your rights is attached hereto.

Client has advised the Firm at the time of signing of this Contract of all claims and causes of action the Client may have against the subject Defendants. Client agrees to promptly advise the Firm of any new claims the Client files against any party after the signing of this Contract, by any other attorney contracted by the Client.

4.   Costs

You agree to remit a cost deposit in the sum of $500.00 and such additional cost deposits requested of you. Those sums will be deposited in our Trust Account and disbursed on your behalf for out-of-pocket expenses related to your case, including, but not limited to, filing fees, summons fees, postage, photocopies, facsimile charges and long distance telephone charges, telegrams, out-of-town (out of Miami-Dade County) travel expenses (including all meals and lodging while out of town), deposition expenses (including costs of transcripts and court reporters' fees), videographers' fees, court costs (such as filing fees, service of process, subpoena costs, witness fees, etc.), fees for accountants, appraisers, actuaries, physicians, psychologists, psychiatrists, investigators, economists and other attorneys and/or experts hired, by you or us, on your behalf.

We shall have the authority to make advances (costs, suit money, etc.) on your behalf in amounts we deem necessary for the preparation, trial and proper handling of your case. You shall reimburse us on a current basis for all advances, none of which shall be credited against the initial non-refundable retainer. You are personally liable for payment to all experts hired on your behalf.

5.   General Responsibilities

The Client shall cooperate fully and candidly with the Firm with respect to all projects. The Client shall provide all information known by or available to the Client which may aid the Firm in representing the Client.

The Firm shall keep the Client informed as to the status of each project and as to the course of action being filed or recommend by the Firm. The Firm encourages the client to participate in all

major decisions. Unless otherwise directed by the Client, the Firm will provide the Client copies, at the client's costs, of all significant documents sent or received by the Firm. All of the Firm's work product will be owned by the Firm and may be utilized in whole or in part and other projects not involving the Client.

6. Conflicts of Interest

The Firm represents many other companies and individuals. It is possible that some of the Firm's present or future clients will have disputes with the Client during this engagement. Therefore, as a condition to the Firm's undertaking this engagement, the Client agrees that the Firm may continue to represent, or may undertake in the future to represent, existing or new clients in any matter that is not substantially related to work performed on behalf of the Client. The Client's prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of the Firms representation of the client, the Firm has obtained sensitive, proprietary, or other confidential in any such other matter by such Client to the material disadvantage of the Client.

7. Termination of Representation

The Firm may withdraw from its engagement if the Client fails to honor its engagement letter or for any reason permitted by the Florida State Bar Rules of Professional Conduct. The Client may terminate this engagement with or without clause. Notification of termination or withdraw may be made in writing and shall be effective upon receipt. In the event of such termination or withdraw, the Client shall promptly pay the Firm all fees, costs and expenses incurred prior to the date of termination or withdraw.

8. Governing Law and Rules of Professional Conduct

This engagement letter shall be interpreted and enforced in accordance with the laws of the State of Florida. The Firm's services shall be governed by the State Bar Rules of Professional Conduct as adopted by the Supreme Court of the State of Florida.

9. Warranties

The Firm will competently and diligently represent the Client. Albeit, Client acknowledges that the Firm has made no warranties to you as to the successful termination of the cause of action, and all expressions made by us relative thereto are matters of opinion only. In addition to the foregoing, the Firm has made no representations to you and you have not relied upon any representations which are not contained in this Agreement.

10. Entire Agreement

This Agreement shall constitute the entire agreement between us and shall not be amended or modified except by a writing signed by both of us.

The authorized signature below is your acceptance of the above terms. This engagement letter is a binding legal document. Please keep the additional copy of this letter for your records.

2600 S. Douglas Rd, Suite 506, Miami, Florida 33134
Phone: 786-636-8938 • Facsimile: 786-636-8941•Email: brett@fmclawfirm.com

We look forward to working with you to obtain a successful resolution in this matter.

Very Truly Yours,

Brett Feinstein, Esq.
FOR FEINSTEIN, MENDEZ & COBREIRO, P.A.
2600 S. Douglas Road, Suite 506
Coral Gables, FL 33134
Phone: (786) 636-8938
Facsimile: (786) 636-8941
Email: brett@fmclawfirm.com

BF/sll

*******************************************************************************

I have read and understand the above, and am in full agreement
with the terms and conditions contained therein.

November 20, 2020
Date

By: Hammad Haider

Exhibit "D"

# *FEINSTEIN & MENDEZ, P.A.*
2600 S. Douglas Road
Suite 506
Coral Gables, FL 33134 USA

Ph:786-636-8938     Fax:786-636-8941

Hammad Haider
7631 NW 6th Street
Pembroke Pines, FL
33026 USA

January 6, 2021

**Attention:**

File #:   20-270
Inv #:    14927

**RE:**   Hammad Haider v. Horizon Stars, LLC / Kazi

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Oct-14-20 | Telephone call client re: matter; letter to Kazi | 0.30 | 135.00 | BF |
| Oct-19-20 | Review Return Receipt; Dictate | 0.10 | 45.00 | BF |
| Nov-16-20 | Meeting w/client | 0.50 | 225.00 | BF |
|  | Preparation of complaint | 2.00 | 900.00 | BF |
| Nov-17-20 | Preparation of Complaint | 0.50 | 225.00 | BF |
| Nov-18-20 | Revisions to petition | 0.50 | 225.00 | BF |
| Nov-19-20 | Preparation of Complaint | 0.50 | 225.00 | BF |
| Nov-20-20 | Revisions to Complaint | 0.50 | 225.00 | BF |
| Nov-23-20 | Final reviews re filing | 0.50 | 225.00 | BF |
| Nov-29-20 | Email client | 0.10 | 45.00 | BF |
| Dec-02-20 | Re service | 0.10 | 45.00 | BF |
| Dec-03-20 | Review packet | 0.10 | 45.00 | BF |
| Dec-31-20 | review Court Order and dictate statement | 0.30 | 135.00 | BF |

Invoice #:   14927                     Page   2                                    January 6, 2021

|            |                                                              |      |          |    |
|------------|--------------------------------------------------------------|------|----------|----|
|            | preparation of Motion for Default and Propsed Order          | 0.50 | 225.00   | BF |
| Jan-03-21  | Telephone call to client re meeting                          | 0.20 | 90.00    | BF |
| Jan-04-21  | Meeing w/client and defendant re settlement                  | 1.50 | 675.00   | BF |
| Jan-05-21  | Preparation of Settlement, Motion, and Proposed Order        | 1.50 | 675.00   | BF |
|            | Totals                                                       | 9.70 | $4,365.00 |   |

## DISBURSEMENTS

| Dec-02-20 | Filing Fee<br>Service of Process - Arif Kazi<br>Service of Process - Horizon Stars, LLC | 400.00<br>50.00<br>50.00 |
|-----------|------------------------------------------------------------------------------------------|--------------------------|
|           | Totals                                                                                   | $500.00                  |

**Total Fee & Disbursements**

$4,865.00

**Balance Now Due**

$4,865.00

TAX ID Number    81-1183035